996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Frank LEWIS, Plaintiff-Appellant,
v.
A.J. ARAVE, Defendant-Appellee.
 No. 92-36594.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Frank Lewis, an Idaho state prisoner, appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 action challenging Warden Arave's refusal to allow Lewis to receive the bulletin of the North American Man/Boy Love Association ("NAMBLA"). This court has jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's entry of summary judgment de novo, Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989), and we affirm.
 
 
 3
 A prison regulation is valid if it "is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). In applying this test a court must consider a number of factors such as whether there is a rational connection between the regulation and a legitimate government interest; whether the prisoner has alternative methods of exercising the right; and the impact the asserted right would have on the prison and its population. Id. at 89-90; see also Thornburgh v. Abbott, 490 U.S. 401 (1989) (upholding prison regulation which allowed prison officials to reject incoming publications which they determined were detrimental to prison security). This court specifically upheld prison regulations in Washington state, which banned a prisoner's receipt of NAMBLA materials, when it held: "[n]ot allowing [a prisoner] to have the NAMBLA material is directly connected to the goal of preventing violence caused by the material in prison," and the regulation is not arbitrary or irrational. Harper, 877 F.2d at 733.
 
 
 4
 The Idaho State Department of Corrections Policy and Procedure Manual provides at Paragraph H that prison officials may "withhold from the inmate population non-obscene materials ... which, in the conclusion of the Department, present a risk of adverse impact on the security or rehabilitative goals of the state correctional facilities." Lewis contends that the Idaho prison regulation banning his receipt of the NAMBLA bulletin fails to meet the requirements of the Turner test and thereby violates his constitutional rights.[1] The evidence presented before the district courts suggests otherwise. Warden Arave testified that pedophile inmates are often targets for violence, and the possession of NAMBLA materials would mark Lewis. The Warden also testified that the materials encouraged unlawful sexual acts between adults and minors, which ran counter to the institution's rehabilitative goals. A psychiatrist testified that Lewis was a pedophile with a sexual orientation toward boys, and that distribution of NAMBLA materials would increase the likelihood of Lewis's anti-social behavior in prison. This is sufficient evidence to support the prison officials' restriction on Lewis's receipt of NAMBLA materials. See Turner, 482 U.S. at 89. Furthermore, there is little to distinguish Lewis's appeal from the factually similar case in which we upheld as constitutional the policy of Washington state corrections officials in banning incoming NAMBLA materials. See Harper, 877 F.2d at 733. Accordingly, the district court did not err in granting the Warden's motion for summary judgment.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lewis also raises the issue that the district court erred in not construing his complaint as a challenge to the Idaho age-of-consent laws and a collateral attack on his conviction. As the magistrate judge correctly noted in his report, Lewis's action was brought as a challenge to the Idaho prison ban on incoming mail and not as a challenge to the consent statutes